No. 985

CENTRAL CAS. CO. v. FLEMING

Ohio Apeals, 5th Dist., Stark Co.

Decided April 20, 1926

923. PLEADING—Petition that alleges soliciting of contract of insurance insuring deceased against loss of life from accidents, signing of application, acceptance of insurer, insured's accidental death and that policy thereupon became absolute, states a good cause of action.

480. EVIDENCE—Conversations between deceased and insurance company's agent are competent to show whether conrtact preliminaries were entered into when insurance is based on oral agreement and application afterwards signed is supposed to contain said agreement.

225. CHARGE TO JURY—Refusal of court to charge oral requests containing more than one proposition of law is not error.

SHIELDS, J.

This was an action to recover upon a contract of insurance against loss of life by accident. Geraldine Fleming who was the wife of William D. Fleming alleged in her petition that her husband entered into an insurance contract with one Charles Steiner, who is the duly authorized agent of the Central Casualty Company, whereby for a premium paid, the company would insure him against accidental death for one year in the sum of $1000. Further Steiner warranted and verbally represented to Fleming that the foregoing was true and thereupon he (Fleming) signed a written application of insurance, and that said application was accepted by the company July 24, 1924, whereby the company was bound to pay $1000 for a period of one year thereafter if he met with accidental death.

On July 25, 1924, Fleming met his death, being shot and killed by an unknown person whereupon said policy became absolute and the company was liable to the beneficiary in the sum of $1000 after proof of death. It is claimed that death has been proven and benefits have not been paid, for which Fleming prays judgment.

In its answer the Insurance Company denied all pertinent allegations of Fleming's petition and set forth an agreement of insurance which contained a clause which read that the company would not be liable if the death occurred within 30 days after issuance of policy.

In Fleming's reply she denies the restrictions placed on the policy by the Company, and upon issues joined a verdict to the full sum was rendered in favor of Fleming and the motion for a new trial was overruled. Error was prosecuted to the Court of Appeals which held:

1. Objections were made to the sufficiency of the petition upon the ground that it did not state a legal cause of action. In this class of cases and by the light of precedents, Fleming's petition stated a good cause of action.

2. Exception is taken to conversation allowed in evidence whereby the wife of decedent was allowed to testify to conversation which occurred between her husband and company's agent at the time application was made.

3. This conversation is admitted not to prove a contract, but simply as explanatory of the application, and if such conversation were true it would tend to prove the existence of a fact and not a contract, the fact being the preliminary steps taken to the execution of the contract.

4. Contracts may rest partly in parol and partly in writing and it is apparent that the steps thus taken were in parol. The action here is based on an oral agreement and an application afterwards signed supposed to contain said agreement and limited to the express purpose of showing whether or not the contract preliminaries were entered into, as claimed; and for the purpose of varying or contradicting the terms of the written contract, so that the trial court did not err in its admission.

5. It is not error to refuse a request to charge on a rule of law, when it does not affirmatively appear that same was in writing; and when it contained more than one proposition of law.

6. The application did not contain any notice of the 30 day reservation and if decedent had no notice to the contrary he had a right to rely upon the warranties of the agent; and if this were not allowed it would not be the contract entered into between decedent and the Company.

Judgment therefore affirmed.

(Houck & Patterson, JJ., concur.)

Attorneys—Weinland, Kahle & Atwood, Columbus, and Amerman & Mills, Canton, for Company; Turner, Ake & Abt, Canton, for Fleming.